CALOGERO, Justice,
dissenting from writ denial.
On appeal this Court found non-meritorious defendant’s Assignment of Error No. 44. That assignment complained of counsel’s adhering at trial to an employment condition set by the defendant that counsel not attempt to obtain any jury verdicts other than “not guilty by reason of insanity or first degree murder with capital punishment.” In large measure our decision was prompted by respect for defendant’s right to impose that condition of employment upon his lawyer, and the belief that defendant was able to make that intelligent choice, and had done so.
No other complaints of ineffective assistance of counsel were urged or reviewed on appeal.
Defendant in his September 29, 1983 application in this Court for habeas corpus, and again in this application filed here on August 10, 1984, asserts among other complaints charges of ineffective assistance of *1181 counsel well beyond the one we reviewed on appeal.
This Court has found all of his contentions without sufficient merit to warrant an evidentiary hearing in the present as well as earlier habeas application.
I voted to grant relator an evidentiary hearing on that first habeas application. I repeat that vote now in this instance. Contentions of relator which I would allow him to attempt to prove, appear in his application at pages 29-33, being paragraphs 116— 127.
Before we allow Felde to be executed our courts should take another look at the contention that Felde received ineffective assistance of counsel in the sentencing phase when the attorney, true to his word, after the jury had found his client guilty of first degree murder, told the jury that he could not honestly ask that the jury spare Felde’s life, and that there was only one kind of help you could give the defendant, that is, death; and when he seemingly acquiesced in the defendant’s taking the stand and asking the jury to execute him. Defendant should be allowed to try to prove what he asserts in his petition, and that is that he was suicidal at that time (although no longer so) and that that condition was induced in part by certain inhuman treatment imposed upon him following the killing with which he is charged, up to and through his trial (see pages 13-17, paragraphs 61-75 of application). If defendant can prove what he asserts at paragraph 61 on page 13 through paragraph 75 on page 17 and paragraph 116 on page 29 through paragraph 127 on page 33 of the application, he would, in my opinion, establish a violation of due process and denial of constitutional rights warranting a new sentencing hearing, at which, absent his suicidal request for death, the jury might appropriately decide whether he has earned that penalty.
For these reasons I would simply grant an evidentiary hearing and allow this defendant an opportunity to make up a record for us to review, should he not get relief in the district court.